The opinion of the Court was delivered by
O’Neall, J.
In this case I do not intend to follow the counsel through the immense array of authorities with which they presented their views to the Court. Our labors on the circuit and in this Court' are sufficiently onerous, without undertaking to write essays on pleading, and speculative points. I concur fully with the Judge below in his ruling on the two first grounds, and I think the third ground is also fatal to the plaintiff’s claim.
*500 1. It is supposed that the former opinion, 9 Bich. 474, settled that the pleadings did not charge the defendants in their public character. But I am sure that is a mistake : the only point then before the Court was, whether my decision quashing the proceeding was proper. The Court thought it was not, and that the case must await its future chances, on a demurrer, or on a motion for nonsuit, after the facts had been fully brought out. That has been now reached, and we are now to decide, first, are the defendants charged in their public character? It seems to me if words have any meaning, such is the charge. They are sued as “ the Chairman and Commissioners of the New State Capitol,” and so treated throughout.' The bill of particulars which points out the proof intended to be adduced, tells the defendants, the plaintiff charges you with various particulars in your public character, as agents for the State. But all this is nothing says the plaintiff; what I have said about your public character is surplusage — I will strike it out. The rule is, if the allegation need not be proved to entitle the plaintiff to recover, it may be struck out as surplusage. Let us test this case in that way: strike out everything touching the public character of the defendants and the case then stands as a claim by plaintiff rendered Messrs. Bull, Manning, Bedon and others as private gentlemen. The first piece of evidence may be the plan for the new State House. Can that be a charge against them ? it is work done for the State, procured to be done by the plaintiff at the instance of the defendants, and with a full knowledge, on the part of the plaintiff that they were acting for the State. It would be absurd to say that could be a charge against them individually. When the public character of the defendants is taken from the case, the plaintiff cannot move at all, for he has no evidence to sustain such a case, ^
Again it is supposed, that they can charge the defendants under an express contract made by them, and which must make them individually liable. To say nothing about the *501 necessity of declaring on that express contract, and the waiver of tbeir public cbaracter, let us loolc to the proof adduced, the resolution of the 21st October, 1858. It is strange how ingenious minds may be misled. That resolution is a clear declaration that the plaintiff had his appointment from, and under the board, that is, the Commissioners of the New State Capitol; he is told that he bears the same relation to them, that he would to a private individual. That means, that he is to them responsible as he would have been if he had been employed by them as private individuals. What a monstrous perversion of the sense of words, to talk about that as a personal private contract on the part of the Commissioners !
It is next supposed that these defendants may be charged on this declaration, on account of acting outside of their authority. It is surely enough to say there is no proof of any sirch thing. Their beginning and progress about the work was reported annually to the General Assembly, and they approved of the same. Ratification confirms all which has gone before, and it is the same as if authorized' before being done. But I do not think this proceeding could ever have charged them for any such thing. It would have been good pleading to have set out in an action on the case their public character, and then that they had exceeded their authority in inducing the plaintiff to do the work alleged and thereby he was injured.
If the defendants be regarded as a quasi corporation (which I do not think they are, they are merely agents acting for the State, like a committee from session to session of the General Assembly,) then that admits their public character, and there can be no recovery unless there be something beyond their contract. Now it may be when a quasi corporation has a fund to pay to the plaintiff, and will not pay it over, that by setting out that fact in the declaration there may be a re *502 covery, but here there is no such matter set out. In any point of view on the first ground there can be no recovery.
2. On the second ground there is no proof whatever of a joint contract outside of the public character of the defendants. There is nothing like an assent by all to be bound except in the votes of a public body. So, too, many of the defendants came in at different times; and Messrs. Manning, Read, and McKay had nothing to do with his employment in October, 1851. Indeed Mr. McOay had no other agency in relation to the plaintiff than to move to dismiss him. Surely the absence of all proof of a joint contract is enough to end the pretence of personal liability.
8. The whole proof shows that the defendants contracted as agents of the State, and it is perfectly clear that they can not be made personally liable on such a contract. Indeed the law protects them entirely from suit. For the purposes of this case they are in place of the State. If this unfortunate plaintiff has any just claim let him apply to the General Assembly and he will have justice done to him. For never, in forty years, have I known a just claim utterly repudiated by the State. The General Assembly may render tardy justice, but as soon as they are convinced of the right, they have uniformly made amends.
The motion to set aide the nonsuit is dismissed.
WhitNER, Glover and MuNRO, JJ., concurred.